In the United States District Court
for the Western District of Pennsylvania

THERESA JARZOMSKI,

    Plaintiff

    v.

Michael J. Astrue,
Commissioner of Social Security,

    Defendant

C.A. No. 08-25E

## MEMORANDUM OPINION

Having exhausted the administrative process available within the Social Security system, the Plaintiff, Theresa Jarzomski ("Plaintiff"), brings before this Court an appeal from a final decision by the Defendant, Commissioner of Social Security. The Defendant denied Plaintiff's claim for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433. The parties have submitted cross motions for summary judgment. For the reasons stated below, the Court will deny Defendant's Motion for Summary Judgment (Doc. # 10) and grant Plaintiff's Motion for Summary Judgment (Doc. # 8) to the extent that it seeks a remand to the Commissioner of Social Security for further proceedings.

## I. GENERAL BACKGROUND.

Plaintiff filed her claim for SSI benefits on October 25, 2005, alleging disability as of April1, 1998 due to a back impairment. Her application was denied on March 9, 2006. She then filed a request for a hearing before an administrative law judge ("ALJ"). The *de novo* hearing was held via video teleconference before ALJ Gordon R. Malick in Roanoke, Virginia on July 26, 2007. Plaintiff was represented by counsel and testified at the hearing, as did a vocational expert. On August 7, 2007, based upon the testimony at the hearing and the documents in the Record, the ALJ found Plaintiff to be not disabled and thus, denied Plaintiff's claim for SSI benefits. Plaintiff then requested a review of the ALJ's decision. The Appeals Council denied Plaintiff's request for review on November 30, 2007, and Plaintiff filed the instant appeal.

## II. STANDARD OF REVIEW.

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir.2000). "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Fargnoli v. Massanari, 247 F.3d 34,38 (3d Cir. 2001) (quoting Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir.1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir.1995)). Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently. Fargnoli, 247 F.3d at 38; 42 U.S.C. § 405(g).

"Under the Social Security Act, a disability is established where the claimant demonstrates that there is some 'medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period.'" Fargnoli, 247 F.3d at 38-39 (quoting Plummer, 186 F.3d at 427 (other citation omitted)); *see also* 20 C.F.R. § 404.1505(a). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....'" Fargnoli, 247 F.3d at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Commissioner has provided the ALJ with a five-step sequential evaluation process to be used when making this disability determination. See 20 C.F.R. § 404.1520. The United States Court of Appeals sets forth the five-step procedure as follows:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § [404.] 1520(a). . . . In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). . . . In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. §

2

> 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir.1994). If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. *See* 20 C.F.R. § 404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step. *See,* [sic] Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir.1984).

Fargnoli, 247 F.3d at 39, quoting, Plummer, 186 F.3d at 428.

## III. LEGAL ANALYSIS.

Plaintiff makes several arguments in support of her motion for summary judgment. One of these arguments is that the ALJ erred when he relied on the evaluation of Dr. John Feretti, D.O. to support his conclusion that Plaintiff is not disabled. Plaintiff had been "asked" by the Defendant to attend a consultative examination with John M. Ferretti, D.O. on February 16, 2006. R. 248. Specifically, Plaintiff argues that it was improper to rely on any findings by Dr. Ferretti because Dr. Ferretti actually never examined Plaintiff; he only signed off on the evaluation. Plaintiff apparently was examined and evaluated by an unknown resident affiliated with Dr. Feretti's practice. R. 248. The defendant does not dispute this contention. Rather, the defendant contends that the ALJ did not err with respect to the use of this evaluation because:

> [a]t the hearing, the ALJ stated that he would give the report from Dr. Ferretti 'very minimal weight'(Tr. 277). Consistent with this statement, the ALJ limited Plaintiff to a reduced range of light work, rather than finding no limitations as Dr. Feretti's office had reported (TR. 28, Finding No.4). Although the ALJ did not articulate his reason for rejecting this report in his decision, such a statement was unnecessary as the report was considered invalid by the agency and thus, is neither pertinent, relevant, nor probative of disability (Tr. 248).

Id. at 13.

Plaintiff's counsel had objected at the ALJ hearing to the report from Dr. Ferretti's office being used at all because Dr. Ferretti himself did not examine the plaintiff as he was required to do.

3

R. 276. The ALJ overruled the objection and stated "however, I will not give them any significant weight because they are obviously not by an identifiable, well they apparently were done by someone, I think the name appears in the file, but it's not, it's certainly not, it doesn't, it is not authorized by him, so I'm going to give them very minimal weight, but I do think I have to give them some consideration and I am, it's the first time I've run across that in these cases here." See also Id. at 277 ("[l]ittle, if any, weight.").

Thereafter, in his Decision, the ALJ stated "[i]n February 2006 she underwent a disability evaluation secondary to chronic back pain (Exhibit 10F), *performed by John Feretti, D.O.*." R. 21 (emphasis added). The ALJ then elaborated upon the findings of said evaluation. Id. Moreover, the ALJ ultimately relied upon the "Ferretti" evaluation in reaching his decision that Plaintiff was not disabled, although it is not clear to what extent. R. 21-22. For example, at page 6 of the Decision, after discussing in detail the findings from the "Ferretti" evaluation and the March 2006 evaluation of Plaintiff by a non-examining state agency physician, the ALJ states:

> [i]n reaching this conclusion [that the claimant's chronic cervical and low back pain/degenerative disc disease, impose more than minimal limitations on her ability to work and she therefore has a 'severe' impairment. However, considered singularly or in combination, her impairments do not meet or equal in severity the criteria of sections 1.02, 1.04, or any of the other listed impairments set forth in Appendix 1, Subpart P, Regulations Part 404] the Administrative Law Judge considered, *inter alia*, the opinions of the state appointed medical consultants who evaluated this issue during the initial review process, and who likewise concluded that the claimant's impairments did not meet or equal in severity the criteria of any listed impairment. Although not entitled to controlling weight, *the opinions of non-examining consultants* must be considered and weighed as those of highly qualified physicians and psychologists who are experts in the evaluation of medical issues.

Id. at R. 22 (see also id. "[a]s noted above in the discussion of the *relevant* medical evidence, the claimant was diagnosed with depression and anxiety secondary to chronic pain . . . .") (emphases added).

Regardless of the extent of the ALJ's reliance upon the above-discussed evaluation, we find that because the ALJ was aware that Dr. Ferretti did not author the evaluation and it is not clear who in his office actually examined and evaluated Plaintiff, it was improper for the ALJ to rely on said

4

evaluation at all to make any findings with respect to Plaintiff. Accordingly, justice dictates that this matter be remanded back to the Commissioner forthwith for him to arrange for the Plaintiff to be properly evaluated and then have the issue of her entitlement to SSI benefits reexamined.[1]

Plaintiff's Motion for Summary Judgment is granted to the extent it seeks a remand to the Commissioner and Defendant's Motion for Summary Judgment is denied. An appropriate order follows.

September 25, 2008

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior Judge

---

[1] Given this finding it is not necessary to address the parties' remaining arguments in support of their motions for summary judgment and we elect to not do so at this time.

5